# In the United States Court of Federal Claims

No. 21-1856 C

(Filed: October 19, 2021)

```
* * * * * * * * * * * * * * * * *    *
                                     *
MARSHALL ABBAS KHAN,                 *
                                     *
                  Plaintiff,         *
                                     *
       v.                            *
                                     *
THE UNITED STATES,                   *
                                     *
                  Defendant.         *
                                     *
* * * * * * * * * * * * * * * * *    *
```

**ORDER**

      On September 7, 2021, *pro se* Plaintiff, Marshall A. Khan, filed a complaint in this Court, that had previously been filed before the U.S. District Court for the District of Nevada, related to certain actions of the Social Security Administration.[1]  Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP") but failed to provide complete and/or intelligible responses on his IFP application.  For example, Plaintiff denies that he has any source of income and then in response to the question, "explain how you are paying your expenses," Plaintiff unresponsively states: "Uniform Commercial Code 3-149 and House Joint Resolution 192 of JUNE 5, 1933.  Please release All Proceed, products, accounts and fixtures and the order of the court to me immediately."  ECF No. 2 at 2.

      Accordingly, on September 16, 2021, the Court issued an order requiring Plaintiff either to correctly complete his IFP application or pay the Court's $402 filing fee on or before October 18, 2021, otherwise his complaint would be dismissed under Rule 41(b) of the Rules of the Court of Federal Claims ("RCFC") for failure to prosecute.  ECF No. 6.  RCFC 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss [the complaint] on its own motion" with the dismissal serving as "an adjudication on the merits."  On October 4, 2021, Plaintiff filed a revised IFP application equally as unresponsive as his original IFP application.  ECF No. 9.

      *Pro se* plaintiffs before this Court regularly comply with the Court's filing rules that Plaintiff here chooses to ignore.  Plaintiff had ample opportunity to correct his IFP application or

---

[1] Based on his filings, it is unclear whether Plaintiff is seeking relief from actions of the Social Security Administration or attempting to appeal a decision of the U.S. Court of Appeals for the Ninth Circuit related to the District Court for the District of Nevada denying his IFP application.  *See* ECF No. 1.

pay the Court's filing fee, but he chose instead to do neither, thereby ignoring the Court's September 16th order.  In addition, based on a similar failure to comply with the IFP application requirements in the district court, Plaintiff should have been well aware of the consequences of his failure to comply with this Court's IFP application requirements.  *See Khan v. Soc. Sec. Admin.*, No. 21-0003 (D. Nev. Jan. 5, 2021).  For the aforementioned reasons, Plaintiff's complaint is **DISMISSED** with prejudice under RCFC 41(b).  The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

                                                                    s/ Zachary N. Somers
                                                                    Zachary N. Somers
                                                                    Judge